[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-10174

_____

TAMARA BAINES,

                                                    Plaintiff-Appellant,

*versus*

CITY OF ATLANTA, GEORGIA,
ROBIN SHAHAR,
in her Individual Capacity,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:19-cv-00279-TWT

_____

Before WILLIAM PRYOR, Chief Judge, and GRANT and KIDD, Circuit Judges.

PER CURIAM:

In this employment discrimination case, Tamara Baines sued the City of Atlanta and her former supervisor for violations of the Equal Protection Clause, Title VII, the Americans with Disabilities Act, and the Family and Medical Leave Act. Apart from an FMLA-interference claim against the City, the district court granted the defendants' motions for summary judgment.

Baines moved for final judgment on the disposed-of claims so that she could file an immediate appeal. *See* Fed. R. Civ. P. 54(b). The district court denied that request and set the FMLA-interference claim for trial. In response, Baines and the City filed a joint notice of settlement as to that claim, prompting the clerk to enter final judgment for the defendants "as to all claims except the FMLA interference claim." Believing the order was a proper final judgment, Baines appealed to this Court.

We dismissed the appeal as improper under Federal Rule of Civil Procedure 41. *Baines v. City of Atlanta*, No. 22-12611, 2023 WL 7151188, at *1, *3 (11th Cir. Oct. 31, 2023) (unpublished). We explained that on remand, Baines could cure the jurisdictional defect by amending her complaint to drop the settled claim. *Id.* at *3; *see* Fed. R. Civ. P. 15.

Baines did so. She now challenges the district court's summary judgment to the defendants on her (1) sexual-harassment claim under the Equal Protection Clause; (2) Title VII sexual-harassment claim; (3) disability discrimination and failure-to-accommodate claims under the ADA; (4) additional FMLA-interference claim; and (5) retaliation claims under Title VII, the ADA, and the FMLA. Baines also appeals from the magistrate judge's refusal to compel the City to produce certain privileged documents in discovery, as well as its denial of her motion for sanctions.

Because Baines did not challenge the magistrate judge's discovery and sanctions orders in the district court, we lack jurisdiction over them. *See United States v. Schultz*, 565 F.3d 1353, 1359–60 (11th Cir. 2009). We are otherwise satisfied with our jurisdiction over the appeal, and we affirm the judgment below based on the district court's well-reasoned opinion. *See Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023).

★ ★ ★

**DISMISSED** in part and **AFFIRMED** in part.